D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**XHEJNI SHKRETA**

        **Plaintiff,**

        v.

**COLONNADE MANAGEMENT CORPORATION, COLUMBUS PROPERTIES, INC., and JOHN DIMURRO,**

        **Defendants.**
-----------------------------------------------------------x

**Case No.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Xhejni Shkreta alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Family and Medical Leave Act ("FMLA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Defendant Columbus Properties, Inc. is an Alaska corporation headquartered in downtown Manhattan and has been an owner of commercial real estate for over 30 years. Columbus Properties is part of the Oetker Group of companies, which is headquartered in Germany. Its activities include food, shipping, banking, chemicals, hotels and real estate.

4. Colonnade Management Corporation is a New York commercial property management firm headquartered in New York City with offices located in Downtown Manhattan, Boston, Chicago, Miami, and Washington D.C.

5. In addition to ownership, through its subsidiary Colonnade Management Corporation, Columbus Properties provides services in the areas of property management, leasing, development and acquisition analysis.

6. Defendant Colonnade Management Corporation is a New York Corporation headquartered in Downtown Manhattan.

7. Defendant John Dimurro is the president of Defendants Columbus Properties, Inc. and Colonnade Management Corporation.

8. Plaintiff Xhejni Shkreta was employed by Defendants as an accountant from November 2015 until June of 2020.

## FACTS

### Wage and Hour Claims

9. Plaintiff was an employee that was not exempt under the FLSA or state law overtime requirements.

10. Plaintiff is not a certified public accountant, and her highest level of education is a B.A. degree.

11. Throughout her employment with Defendants, her job was primarily to gather and enter financial data into Defendants' bookkeeping software and prepare financial statements/reports for John Dimurro.

12. Plaintiff did not have the authority to hire or fire employees of Defendants.

13. Plaintiff did not supervise or manage two or more employees of Defendants.

14. Plaintiff's schedule was from 8:30 a.m. to 5:30 p.m., with a one-hour lunch break.

15. Plaintiff regularly worked in excess of this schedule, as she often worked through lunch or took a lunch that was far shorter than one hour. She also regularly remained at work well past 6:00 p.m.

16. Plaintiff was not paid any overtime premium for hours worked in excess of 40 per workweek.

17. Plaintiff's paystubs each pay period did not list her actual hours worked, as required by NYLL § 195(3).

18. Plaintiff did not receive at the beginning of her employment a proper notice and acknowledgement of pay rate containing her accurate overtime rate.

## Discrimination Claims

19. In mid-March 2020, Plaintiff informed Defendant Dimurro that she was pregnant and expecting a child in the beginning of September 2020.

20. Shortly thereafter, in May 2020, Mr. Dimurro had Plaintiff train a new hire, whom Plaintiff believed would be Plaintiff's assistant.

21. On June 24, 2020, shortly before Plaintiff was scheduled to take her protected FMLA leave, which would have been paid pursuant to Defendants' policy, Defendants fired Plaintiff.

22. When communicating Plaintiff's termination to her, Mr. Dimurro raised one mistake that occurred in September 2019 as the reason for Plaintiff's termination.

23. Defendants' stated reason for terminating Plaintiff was plainly pretextual: the incident was not Plaintiff's fault, and it had occurred 9 months before Plaintiff's termination.

24. The timeline of events makes clear that after learning of Plaintiff's pregnancy and anticipated maternity leave, Defendants prepared themselves for terminating her on the basis of her pregnancy/paid maternity leave.

25. As a result of Defendants' illegal actions, Plaintiff has suffered lost wages and emotional distress.

**FIRST CLAIM FOR RELIEF**
**FLSA Overtime Violations**
**29 U.S.C. §207**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, "employee[s]," including Plaintiff.

28. Throughout the statute of limitations period covered by this claim, Plaintiff regularly worked in excess of forty (40) hours per workweek.

29. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff an overtime wage rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to overtime.

30. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.***,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011)**

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, "employee[s]," including Plaintiff.

33. Throughout the statute of limitations period covered by this claim, Plaintiff regularly worked in excess of forty (40) hours per workweek.

34. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime wage rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to overtime.

35. Plaintiff seeks damages in the amount of unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### New York Wage Statement Requirements Violations
### N.Y. Lab. L. §§ 195, 198

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. Defendants did not provide Plaintiff with correct and accurate wage statements/notices required by N.Y. Lab. Law § 195.

38. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (FMLA Retaliation and Interference
### with FMLA Leave – 29 U.S.C. § 6501 *et seq.*)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. Defendants are employers under the FMLA, as they employed more than 50 employees within a 75 mile radius.

41. In violation of the FMLA, Defendants intentionally discriminated/retaliated against and retaliated against Plaintiff because she was set to take FMLA protected pregnancy leave.

42. In violation of the FMLA, Defendants interfered with Plaintiff's ability to take protected pregnancy leave.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including but not limited to loss of income, including past and future salary, and benefits.

44. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL")
N.Y.C. Admin. Code §§ 8-101 *et seq.* –Discrimination)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her parental/caregiver status by terminating her employment.

47. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

48. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

49. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A)     For compensatory, liquidated and punitive damages in an amount to be determined by the trier of fact;

(B)     For reasonable attorneys' fees, interest, and costs of suit;

(C)     For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York  
August 5, 2020

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*  
D. Maimon Kirschenbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 688-2548

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.