UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

XHEJNI SHKRETA,

                                  Plaintiff,        Civil Action No. 1:20-cv-06134-RA

    -against-

COLONNADE MANAGEMENT
CORPORATION, COLUMBUS PROPERTIES,
INC. and JOHN DIMURRO,

                                  Defendants.
-------------------------------------------------------------X

## STIPULATED PROTECTIVE ORDER
## RE: CONFIDENTIALITY OF DISCOVERY MATERIAL

Pursuant to Federal Rules of Civil Procedure 26(b)(5) and 26(c), the parties through their counsel hereby stipulate and agree, subject to the approval of this Court, as follows:

**1.** **Compliance**. The undersigned parties in this action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth herein with respect to documents, testimony, materials, and other information produced and/or disclosed in discovery.

**2.** **Designation of Discovery Materials as Confidential.** All documents and other information produced in the course of discovery shall be subject to this Order concerning confidential information, as set forth below:

    a.    The designation of material as confidential information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Unless otherwise agreed to by the parties, documents and other information produced during the course of discovery may be designated as confidential by a party only if they contain information subject to protection under federal or state privacy laws (including, but not

1

limited to, the Health Insurance Portability and Accountability Act of 1996 and/or the Gramm-Leach-Bliley Act of 1999), personal medical and/or personal or business financial information (including, but not limited to, documents containing financial and banking account numbers), personal identifiers (including, but not limited to, Social Security numbers and home addresses and phone numbers), trade secrets, or business sensitive or proprietary information. (As used herein "business sensitive or proprietary information" is defined as information of the business, which, if disclosed, could threaten to cause injury to the business or commercial relationships of the producing party). In addition, a party may designate documents or information as confidential that (a) the party is obligated to keep confidential by law, regulation, rule or agreement, or that (b) any government agency treats as confidential. The party that provides material may designate it as confidential only when such person in good faith believes it contains such qualifying information. A designation of confidentiality may be challenged upon motion. At least seven (7) calendar days prior to filing a motion to challenge the designation of document(s) or information, the challenging party shall inform the designating party in writing of its intent to do so. The parties shall then attempt in good faith to resolve the dispute regarding the designation. The burden of proving the confidentiality of designated information shall remain with the party asserting such confidentiality.

      b.     The designation of deposition testimony as confidential shall be made by counsel for a party either at the deposition or within seven (7) business days after receipt of the transcript by counsel for such party. Any testimony that describes a document that has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated "CONFIDENTIAL".

      c.     Information or documents designated as confidential under this Order shall not be used or disclosed by counsel for the parties or any persons identified in

subsection (e) below for any purposes whatsoever other than preparing for and conducting this particular litigation (including appeals).

    d. Absent consent of the producing party, only counsel for the parties, the parties, the Court, and Court personnel shall have access to documents or information designated confidential under this Order, and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated confidential under this Order to any other person or entity, except that disclosures may be made in the circumstances set forth below. "Counsel for parties" shall include in-house counsel employed by any of Defendants. Disclosure may be made to:

      i. Employees and partners of the law firms acting as counsel for the parties who are assisting counsel for the parties in connection with this litigation, or to any other attorneys retained to assist the parties in connection with this litigation.

      ii. Court reporters or videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of or imaging documents. Prior to disclosure to any such court reporter, videographer, or person engaged in making photocopies of documents, such person must be informed (on the record in the case of a deposition and in writing in the case of photocopying or imaging) that the disclosed confidential information is subject to the terms of this Order and must be provided with a copy of this Order.

      iii. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed to assist in the preparation and trial of this lawsuit.

      iv. The producing party or any of its employees.

      v. Any party to the litigation.

    vi. Any person whom a party intends, in good faith, to call as a witness in any deposition, hearing, or at trial in this action, and that person's attorneys, to the extent reasonably necessary to prepare for and provide his or her testimony.

    vii. Prior to making any disclosure referred to in subsection (iii) or (vi), including but not limited to use at deposition, such persons must be informed of and agree, by executing a copy of EXHIBIT A – ACKNOWLEDGEMENT AND AFFIDAVIT OF COMPLIANCE, to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

    viii. Nothing herein shall restrict a party's ability to use or disclose its own documents, testimony, materials, or information that such party itself has designated confidential.

  e. Non-parties may designate their information and/or documents as confidential in accordance with this Order.

  **3.** **<u>Confidential Information Filed with the Court.</u>**  The parties shall comply with Federal Rule of Civil Procedure 5.2 and Rule 4A1 of the this Court's Individual Rules of Practice with respect to sensitive information that must be redacted from public court filings without seeking prior permission from the Court.  With respect to information outside the scope of Federal Rule of Civil Procedure 5.2(a) that a party seeks to file under seal or in redacted form, that party shall first a Motion or Letter Motion for approval of sealed or redacted filings and the subject documents, including the proposed sealed or redacted document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.  Any party wishing to file or submit for filing in the Court

record any material subject to this Order shall first notify the other party to determine whether that party will consent, allowing the material to be filed, or move for leave to seal or file in redacted form in the manner provided herein.  The party seeking leave to have materials filed under seal or in redacted form shall bear the burden of overcoming the presumption in favor of public access to papers filed in court, but any other party may file papers and/or present arguments in support of or in opposition to the need for the materials at issue to be filed under seal.

    **4.** **Use of Confidential Information at Hearings or at Trial.** The designation of materials as confidential shall not preclude use of such materials at hearings or admission in evidence at trial if the materials are otherwise admissible. If a party anticipates that it specifically may discuss or attempt to offer into evidence any materials designated as confidential during any on-the-record hearings or conferences, such party shall raise that issue prior to or at the outset of the hearing or conference and the parties and/or the Court will determine how such materials will be handled. The treatment of materials designated as confidential at trial shall be addressed by the Court and the parties at the final pretrial conference.

    **5.** **Client Consultation**. Nothing in this Stipulated Protective Order Regarding Confidentiality of Discovery Material shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying on counsel's examination of documents designed at Confidential.

    **6.** **Return of Confidential Material at Conclusion of Litigation.** Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material designated as confidential under this Order and all copies thereof not received in evidence shall be destroyed or returned to the producing party. Any attorney or expert work product that either (1) consists of

material treated as confidential under this Order which has been altered, modified, or marked upon, or (2) reproduces or restates in meaningful part material treated as confidential under this Order shall be destroyed. Counsel of record for each party, experts, and all other persons subject to this Order shall make written certification of compliance herewith and shall deliver the same to counsel of record for the producing party not more than ninety (90) days after final termination of this litigation, along with any previously unproduced executed copies of EXHIBIT A – ACKNOWLEDGEMENT AND AFFIDAVIT OF COMPLIANCE. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

      7.    **Non-Waiver of Confidentiality.** The inadvertent failure to designate a document as confidential will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential in writing at a later date. In the event a producing party designates a document as confidential, whether at the time of production or later by substituting an additional copy of the document marked confidential, the document must be treated by the receiving party as confidential from the time of receipt of the notice of the confidential designation until such time as that designation is removed.

      8.    **Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the

party may have an opportunity to appear and be heard on whether that information should be disclosed.

9. **Third-Party Requests.** If any receiving party is served with a subpoena, legal process, or other formal or informal demand for documents or information that are governed by this Order and that were received by the receiving party from a producing party, then:

    a. The receiving party shall give actual written notice to the producing party by hand, electronic mail, or facsimile transmission, within two (2) business days of receipt of such subpoena, demand, or legal process.

    b. The producing party shall within five (5) business days of receiving such notice inform the receiving party whether it objects to production of any of the producing party's confidential documents or information pursuant to the subpoena, demand, or legal process. If the producing party does so object, then the receiving party shall serve written notice to the demanding party of the existence of this Order and the producing party's objections to production pursuant thereto, and the receiving party shall not thereafter produce such documents or information except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process.

    c. The producing party shall be solely responsible for opposing a motion to compel, for filing a motion for protective order from the subpoena, legal process or demand, and/or for appealing any order requiring production of the producing party's confidential documents or information.

10. **Authority.** The parties hereto agree and represent that they have reviewed this Stipulation and Order and that their respective counsel are authorized to bind them hereto by their respective signatures below.

11. **Court Retains Jurisdiction.** After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to confidential information produced pursuant to this Order for the purpose of enforcement of this Order, including any appropriate sanctions for violations.

12. **Further Relief; Modification.** This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

/s/ Lucas Buzzard
Lucas Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway
Suite 601
New York, NY 10004
Tel: 212-688-5639
Fax: 212-981-9587
Attorneys for Plaintiff

/s/ Scott Wenner
Scott J. Wenner
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway – 31st Floor
New York, NY 10005
Tel: 212.973.8000
Fax: 212.972.8798
Attorneys for Defendants

SO ORDERED :

*Kevin Nathaniel Fox*

_____     Dated: March 15, 2021
United States Magistrate Judge

<u>EXHIBIT A</u>

ACKNOWLEDGEMENT AND AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

Shkreta v. Colonnade Management Corporation, et al.
Civil Action No. 1:18-cv-01301-RGA (D. Del.)


I, _____, declare that:

1. I have received a copy of the Protective Order Regarding Confidentiality of Discovery Material in this action. I have carefully read it and understand its provisions.

2. I agree to be bound by and will comply with all of the provisions of the Protective Order Regarding Confidentiality of Discovery Material. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not use for purposes other than for this lawsuit, any information I receive in this action that is designated as "CONFIDENTIAL."

3. I willingly submit to the jurisdiction of the United States District Court for the Southern District of New York for adjudication of any claim that I violated this Protective Order Regarding Confidentiality of Discovery Material.


I declare under penalty of perjury that the foregoing is true and correct. Executed:


Dated: _____        Name (Print or type)


Signature: _____        _____