UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
:
Xhejni Shkreta,                                          :
:
                  Plaintiff,          :
:   Civil Action No. 1:20-cv-06134-RA
   -against-                                           :
:
Colonnade Management Corporation,                        :
Columbus Properties, Inc., and John DiMurro,             :
:
                Defendants.         :
:
---------------------------------------------------------x

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1

Defendants Colonnade Management Corporation ("Colonnade"), Columbus Properties, Inc. ("Columbus") and John DiMurro ("DiMurro"), by their attorneys Schnader Harrison Segal & Lewis, LLP, submit their Statement of Undisputed Material Facts ("SUMF") to accompany their Motion for Partial Summary Judgment. Defendants file this SUMF to comply with 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. As Rule 56.1 requires, Defendants' SUMF identifies the facts material to their motion for summary judgment on Plaintiff Xhejni Shkreta's Fourth Cause of Action over which there are no genuine issues to be tried.

      1.      Defendant Columbus is an Alaska corporation headquartered in New York City Manhattan and for more than thirty (30) years has owned commercial real estate in various locations within the United States. (Complaint, ¶ 3)

2. Defendant Columbus is owned by Columbus Holding International GmbH ("Columbus Holding"), a German limited liability holding company that is owned by the Oetker Group. (Affidavit of John DiMurro, ¶ 5)[1]

3. The Oetker Group is a highly diversified group of family-owned companies headquartered in Bielefeld, Germany. (DiMurro Aff., ¶ 5)

4. Defendant Colonnade is a New York corporation that is wholly-owned by Columbus, with headquarters and principal offices in New York City, where it engages in the property management business. (*Id*. at ¶ 6)

5. Defendant DiMurro is, and at all relevant times was, President of Columbus and Colonnade, positions he has held since 1997 and 1999, respectively, and he reports to the board of directors of Columbus.

6. During calendar year 2020, Colonnade employed approximately thirteen (13) employees, all of whom were full-time employees, and including any employees on leave. In no week during calendar year 2020 did Colonnade employ more than twelve (12) employees. (DiMurro Aff. ¶ 3 and Exhibit 1 annexed thereto.)

7. In calendar year 2020, Defendant Columbus Properties, Inc. ("Defendant Columbus") employed no more than two (2) employees, both of whom were full-time and none of whom were on leave, during any week of that calendar year. (*Id*., ¶4 and Exhibit 1 thereto)

8. In no week during 2020 did Defendants Columbus and Colonnade employ more than 15 employees if they were considered together as a single employer - a number well below the FMLA coverage threshold of fifty (50) employees in at least twenty (20) weeks of the calendar year. (*Id*., ¶5 and Exhibit 1 thereto)

---

[1] The Affidavit of Mr. DiMurro hereinafter will be referred to as "DiMurro Aff."

9. During 2019, Defendant Colonnade employed no more than seventeen (17) employees in any given week, inclusive of any employees on leave. (*Id.*, ¶ 6 and Exhibit 1 annexed thereto)

10. In 2019, Defendant Columbus employed two (2) employees, both full time, during each week of that calendar year. (*Id.*, ¶ 7 and Exhibit 1 annexed thereto)

11. Again, in no week in 2019 did Defendants Columbus and Colonnade together employ as many as twenty (20) employees, assuming they were considered a single employer - a number well below the FMLA coverage threshold. (*Id.*, ¶ 8 and Exhibit 1 annexed thereto)

12. While Oetker owns Columbus Holdings, which owns Columbus and, through Columbus owns Colonnade as well, both Colonnade and Columbus are independent from Oetker and its constituent companies in managing their daily affairs and in making their business decisions without interference from Oetker or other Group companies. (*Id.*, ¶10)

13. Further, neither Oetker nor any of its constituent companies plays any role in the employment policies, procedures and decision-making of Colonnade and/or Columbus. Employment decisions made by Colonnade and Columbus, such as decisions to hire, fire, promote, increase salaries and assign work, are neither dictated nor reviewed by Oetker; such decisions are effective when made by Colonnade or Columbus. (*Id*, ¶10)

14. Colonnade and Columbus, as small companies with few employees, have few formal employment policies and procedures, other than those described in the Colonnade employee handbook, which is provided to employees of Columbus and Colonnade. That handbook was developed strictly for employees of Columbus and Colonnade under the direction of Defendant DiMurro, with no oversight or approval by Oetker or any of its Group companies. (*Id.*, ¶ 11.)

15. Employees of Colonnade and Columbus are paid from separate payroll systems maintained solely for and dedicated to each of them by a vendor, completely independent from the payrolls of any other Oetker Group company (*Id*. ¶ 12)

16. Through their common payroll provider Colonnade and Columbus issue their employees digital paychecks and earnings statements bearing the name and address of Colonnade or Columbus, depending on with which entity each employee is employed, and drawn on separate bank accounts that are independent from one another or any other Oetker entity. (*Id*.)

17. Colonnade and Columbus have their own employee benefit plans that are funded solely by those two companies and are administered by a third-party benefits administrator retained by Columbus and Colonnade. Those benefit plans are separate from any benefit plans created by other Oetker entities for their own employees; neither Colonnade nor Columbus employees share in any benefits plans administered by any other Oetker Group company. (*Id*.)

18. The Oetker Group is headquartered in Germany, and the substantial bulk of its operations are in Europe. (*Id*., ¶ 13) Several other Oetker-owned companies have United States operations. However, unlike Columbus and Colonnade, none of them is in the business of commercial property ownership or management in which Columbus and Colonnade, respectively, engage. (*Id*.) They instead are in different lines of business, including frozen pizza manufacture and production of additives and lubricants for metal forming. (*Id*.)

19. None of the Oetker Group companies that operate in the United States are in any way involved in the businesses or decision-making of Colonnade and/or Columbus, and are completely removed from the employment policies, payrolls, benefits or decisions of any of the Defendants. (*Id*.)

20.   While several Colonnade and Columbus employees have interacted with a few Oetker employees in Germany, neither they nor employees of any other entity exercises direction or control over the employees of Colonnade or Columbus.  (*Id.* at ¶ 14)

21.   Among those who commonly interacted with Oetker employees in Germany were Colonnade accountants who prepared and transmitted the financial reports on U.S. real estate operations to Oetker in Germany to be rolled up into Oetker's various consolidated reports, and to allow Oetker to assess the financial performance of the Colonnade and Columbus businesses. (*Id.*)

22.   The interactions between Oetker and the Colonnade accountants such as Plaintiff often include requests for clarification or additional information from the recipients of financial reports at Oetker in Germany.  However, responding to requests for financial information and for explanation of reports the accountants prepare are part of the job duties that Colonnade has assigned to its accountants.  (*Id.*)

23.   Colonnade's accountants, including Plaintiff during her employed by Colonnade, ultimately report to Defendant DiMurro, and not to anyone in any entity outside of Colonnade and/or Columbus. (*Id.*)

24.   Colonnade and Columbus did not consider or treat the employees of either of them as eligible for leave under the Family and Medical Leave Act (the "FMLA"), as neither of those Defendants individually, nor if considered together as a single employer, satisfied the 50-

employee threshold for coverage as an employer. (*Id.* at ¶ 15)

Dated: April 16, 2021

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By:   Scott J. Wenner
140 Broadway, Suite 3100
New York, New York 10005-1101
Tel. No.: (212) 973-8000
Fax No.: (212) 972-8798
E-mail:  swenner@schnader.com
*Attorneys for Defendants Colonnade Management Corporation, Columbus Properties, Inc., and John DiMurro*