**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**XHENJNI SHKRETA,**

        **Plaintiff,**

  -against-                                  **INDEX NO.: 20-cv-6134 (RA) (KNF)**

**COLONNADE MANAGEMENT CORPORATION,**
**COLUMBUS PROPERTIES, INC., and JOHN**
**DIMURRO,**
        **Defendants.**
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
**AND PARTIAL SUMMARY JUDGMENT**


**JOSEPH & KIRSCHENBAUM LLP**
D. Maimon Kirschenbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff*

## I. INTRODUCTION

In their motion for partial summary judgment and partial judgment on the pleadings, Defendants move for summary judgment on Plaintiff's Family Medical Leave Act ("FMLA") claim on the ground that they are not "employers" within the meaning of that statute. After considering the evidence presented by Defendants, Plaintiff has consented to the dismissal of that claim and the parties have entered a stipulation of voluntary dismissal as to that cause of action. *See* ECF No. 38-1 (Stipulation of Partial Dismissal).

With respect to their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), Defendants contend that Plaintiff's New York City Human Rights Law ("NYCHRL") discrimination claim fails to state a claim. Defendants' arguments as to this claim are without merit because the factual allegations in Plaintiff's Complaint adequately plead a claim of pregnancy discrimination under the NYCHRL. Nonetheless, given the voluntary dismissal of Plaintiff's FMLA claim, Plaintiff's NYCHRL cause of action should be dismissed without prejudice for lack of supplemental jurisdiction. Plaintiff's remaining federal overtime wage claim is insufficient to supply supplemental jurisdiction over her NYCHRL discrimination claim.

## II. BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed her five-count Complaint in this action against her former employers, Defendants Colonnade Management Corporation, Columbus Properties, Inc., and John DiMurro. *See* ECF No. 1 (Compl.) Plaintiff's Complaint alleges two categories of claims against Defendants. Her first three claims for relief allege wage claims under the Federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See id.* ¶¶ 26-38. These claims are premised on: (1) Defendants' alleged failure to pay her earned overtime wages in violation of the FLSA and NYLL (First and Second Claims for Relief), and (2) Defendants' alleged failure to provide

1

complete and accurate wage statements and wage notices, as required under the NYLL (Third Claim for Relief). *See id.*

Plaintiff's second category of claims relate to her June 2020 termination. Her Fourth Claim for Relief alleges that her termination was in violation of the FMLA's anti-retaliatory provisions. *Id.* ¶¶ 39-44. Her Fifth Claim for relief alleges that her termination was in violation of the NYCHRL. *Id.* ¶¶ 45-49. With respect to this latter category of claims, Plaintiff alleges that in mid-March 2020, she informed Defendant Dimurro that she was pregnant and was expecting a child in September 2020. *Id.* ¶ 19. Shortly thereafter, Mr. Dimurro hired another employee in May 2020 and tasked Plaintiff with training that employee, who Plaintiff believed would be her assistant. *Id.* ¶ 20. In late June 2020, Mr. Dimurro terminated Plaintiff shortly before she was to begin her maternity leave. *Id.* ¶¶ 21, 24. Plaintiff's complaint specifically alleges that this "timeline of events makes clear that after learning of Plaintiff's pregnancy and anticipated maternity leave, Defendants prepared themselves for terminating her on the basis of her pregnancy/paid maternity leave." *Id.* ¶ 24. In the "Claims for Relief" section of her Complaint, Plaintiff asserts, with respect to her NYCHRL claim, that "[i]n violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her parental/caregiver status by terminating her employment." *Id.* ¶ 46.

Defendants' initially answered Plaintiff's Complaint in August and September 2020. *See* ECF Nos. 11-12. In January 2021, this Court entered a scheduling order setting a discovery deadline of July 21, 2021. *See* ECF No. 22. Defendants filed amended answers on April 7, 2021. *See* ECF Nos. 30-31. One week later, on April 14, Defendants moved for: (1) partial summary judgment as to Plaintiff's FMLA retaliation claim (Fourth Claim for Relief); and (2) partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to Plaintiff's NYCHRL claim (Fifth Claim for Relief). *See* ECF Nos. 32-35.

### III. ARGUMENT

#### A. Plaintiff Consents to the Dismissal of Her FMLA Claim

Defendants move for summary judgment on Plaintiff's FMLA claim on the ground that they did not employ "50 or more employees for each working day during each of 20 or more calendar workweeks," as is required to be an "employer" covered by FMLA, 29 U.S.C. § 2611(4)(A)(i). Defs' Mem. at 6-13. Based on the evidence Defendants have presented in support of their motion, Plaintiff consents to the dismissal of her FMLA claim. Accordingly, the parties have filed a stipulation of partial voluntary dismissal as to Plaintiff's Fourth Claim for Relief. *See* ECF No. 38-1 (Stipulation of Partial Dismissal).

#### B. Although Plaintiff's NYCHRL Claim is Adequately Pleaded, it Should Be Dismissed Without Prejudice for Lack of Supplemental Jurisdiction

Defendants contend that Plaintiff's NYCHRL claim fails to state a cause of action and seek judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendants' arguments are without merit because the factual allegations in Plaintiff's Complaint adequately allege a claim of pregnancy discrimination under the NYCHRL. Nonetheless, given the voluntary dismissal of Plaintiff's FMLA claim, Plaintiff's NYCHRL cause of action should be dismissed without prejudice for lack of supplemental jurisdiction.

Defendants' arguments for dismissing Plaintiff's NYCHRL claim ignore the factual allegations in the Complaint and focus exclusively on the statement in the Complaint's "Claim for Relief" section that "Defendants discriminated against Plaintiff on the basis of her parental/caregiver status by terminating her employment." Compl. ¶ 46. Defendants contend that Plaintiff's allegations "utterly fail to state a claim of caregiver discrimination under the NYCHRL." Defs' Mem. at 5. The gravamen of Defendants' argument is that because Plaintiff

3

was only *pregnant* at the time of her termination in late June 2020, she was not yet a "parental caregiver" and thus could not have been discriminated on *that* basis at the time of her termination. *See* Defs' Mem. at 5-6.

Defendants' argument is without merit. The factual allegations in Plaintiff's Complaint clearly state a claim of pregnancy discrimination, which is protected under the NYCHRL. *See Chauca v. Abraham*, 841 F.3d 86, 90 n.2 (2d Cir. 2016) ("Pregnancy discrimination is a form of gender discrimination under the NYCHRL."). In deciding a Rule 12(c) motion for judgment on the pleadings, courts "employ the same standard applicable to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (cleaned up). The Court "must accept as true the complaint's factual allegations and draw inferences in the plaintiff's favor." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (internal quotation marks and alterations omitted). "A complaint should not be dismissed on the pleadings unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id.* (internal quotation marks omitted).

To adequately plead a claim of discrimination under the NYCHRL, a plaintiff must allege only that she was treated 'less well' because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2012) (cleaned up). Here, Plaintiff's Complaint alleges that: (1) she informed Dimurro in mid-March 2020 that she was pregnant and expected her child in September 2020; (2) in May 2020, Dimurro hired another employee and asked Plaintiff to train that employee, who Plaintiff believed was to be her assistant; and (3) in late June 2020, "shortly before" Plaintiff was scheduled to begin her maternity leave, Dimurro terminated Plaintiff's employment because of a purported mistake that had occurred some nine months prior to her termination and "was not Plaintiff's fault." Compl. ¶¶ 19-23.

4

These allegations are more than sufficient to adequately allege that Plaintiff's termination was motivated by a discriminatory intent regarding her pregnancy. *See, e.g.*, *Nagle v. Greenbush Cent. Sch. Dist.*, No. 16-cv-2014 (BKS/ATB), 2018 U.S. Dist. LEXIS 153990, at *35-36 (Feb. 21, 2018) (Plaintiff established inference of pregnancy discrimination where there was a 3-month period between her pregnancy announcement and the adverse action and, during that period, her employer's "attitudes changed" towards her); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) ("five months is not too long to find the causal relationship" necessary for an inference of retaliatory intent). Crucially, Defendants do not contend that these allegations are insufficient to plausibly allege a discriminatory motivation, but rather that Plaintiff was not a "caregiver" and, as such, could not have been discriminated against on that ground at the time of her termination. Defs' Mem. at 5-6. What matters with respect to a Rule 12(c) motion, however, is the *factual* allegations contained in the Complaint, which clearly state a claim of pregnancy discrimination here. *Cleveland*, 448 F.3d at 521.

Moreover, even if Defendants' blinkered reading of the Complaint demonstrated some minor deficiency in the pleading, it is one that could be easily rectified by amending Paragraph 46 the Complaint to read: "Defendants discriminated against Plaintiff on the basis of her ~~parental/caregiver status~~ [pregnancy] by terminating her employment." In the ordinary course, Plaintiff would, contemporaneously with this opposition, seek leave to make this minor amendment to her Complaint in the event the Court found any merit to Defendants' arguments. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [a] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotations omitted); *see also Brooks v. City of Utica*, 275 F. Supp. 3d 370, 383 (N.D.N.Y. 2017) ("[W]hen a

5

complaint is dismissed for the first time pursuant to Rule 12(c), leave to amend before reviewing the proposed amended pleading should typically be withheld only if amendment would be futile—namely, if it is clear from the facts alleged that the events in question cannot give rise to liability.").

Here, however, the voluntary dismissal of Plaintiff's FMLA claim deprives the Court of supplemental jurisdiction over Plaintiff's NYCHRL claim. Following the dismissal of Plaintiff's FMLA claim, the only federal claim alleged in this action is Plaintiff's FLSA overtime claim. As numerous courts in this Circuit have held, where the only federal claims in an action are wage claims, such claims are insufficient to supply supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over non-wage claims "when the only possible common nucleus of operative fact alleged between the claims is the existence of a common employment relationship." *Guerra v. Trece Corp.*, No. 18-cv-625 (ER), 2020 U.S. Dist. LEXIS 223309, at *17-23 (S.D.N.Y. Nov. 30, 2020) (FLSA overtime action supplied no supplemental jurisdiction over NYCHRL pregnancy discrimination claims); *see also Hahn v. Rocky Mt. Express Corp.*, No. 11-cv-8512 (LTS)(GWG), 2012 U.S. Dist. LEXIS 100466, at *2-3 (S.D.N.Y. July 16, 2012) (FLSA overtime action provided no supplemental jurisdiction over age discrimination claim when employee's termination was not related to overtime claim); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) (FLSA claim provided no supplemental jurisdiction over counterclaims for sexual harassment and credit card fraud).

Here, Plaintiff's overtime claims are based on allegations that she was not an exempt employee under the FLSA and Defendants failed to pay her overtime during the period of her employment. *See* Compl. ¶¶ 9-18. Her pregnancy discrimination claim, by contrast, is based on her termination and the reasons for that termination. *See id.* ¶¶ 19-25. Accordingly, other than the fact of her employment by Defendants, there is no overlap between Plaintiff's wage and NYCHRL

6

discrimination claims. *See Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19-cv-814 (VEC), 2019 U.S. Dist. LEXIS 203616 at *4 (S.D.N.Y. Nov. 22, 2019) ("[I]t is well-established that federal wage-and-hour claims, which can be resolved through testimony and documents regarding the hours Plaintiff worked and the compensation he received, are, in general, factually distinct from state discrimination claims, which turn on whether Plaintiff suffered adverse employment actions, and whether racial or other discriminatory animus motivated those actions." (cleaned up)). As Plaintiff does not have a valid basis to invoke this Court's supplemental jurisdiction over her NYCHRL claim following the voluntary dismissal of her FMLA claim, Plaintiff respectfully requests that the Court dismiss her NYCHRL claim without prejudice. *See, e.g.*, *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 102-03 (2d Cir. 1998) (noting that "in the early stages of the litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice"); *Jenks v. United States*, No. 18-cv-1454 (BMC), 2018 U.S. Dist. LEXIS 154089, at *13 (E.D.N.Y. Sept. 10, 2018) ("In the early stage of a case . . . the preferred disposition is to decline supplemental jurisdiction without prejudice to a plaintiff's pursuit of the claim in state court.").[1]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff consents to the dismissal of her FMLA (Fourth Claim for Relief) and respectfully requests that the Court dismiss her NYCHRL Claim (Fifth Claim for Relief) without prejudice for lack of supplemental jurisdiction.

---

[1] Of course, if this Court exercises jurisdiction over Plaintiff's NYCHRL claim, Defendants' motion for judgment on the pleadings should be denied for the reasons set forth in the text.

Dated:  New York, New York             Respectfully submitted,
        April 30, 2021

                                       /s/ Lucas C. Buzzard
                                       D. Maimon Kirschenbaum
                                       Lucas C. Buzzard
                                       JOSEPH & KIRSCHENBAUM LLP
                                       32 Broadway, Suite 601
                                       New York, NY 10004
                                       212-688-5640 (Tel.)
                                       212-981-9587 (Fax)

                                       *Attorneys for Plaintiff*