

140 BROADWAY SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000 FAX 212.972.8798 schnader.com

June 2, 2021

Scott Wenner
Direct Dial 212-973-8115
Direct Fax 212-972-8798
E-Mail: swenner@schnader.com

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, NY 10007

**RE: Shkreta v. Colonnade Management Corporation, et al.
Civil Action No. 20-cv-6134**

Dear Judge Abrams:

We write on behalf of Defendants Colonnade Management Corporation, Columbus Properties Inc. and John DiMurro in brief response to the letter submitted by counsel for Plaintiff Xhejni Shkreta on May 28 in the matter referenced above. That letter (ECF No. 39) reiterates an argument stated in opposition to that part of Defendants' Motion of April 16, 2021 (ECF No. 34) seeking judgment on the pleadings on Plaintiff's Fifth Cause of Action for violation of the New York City Human Rights Law ("NYCHRL") for failure to state a claim of caregiver discrimination.

Unfortunately, Plaintiff's letter accurately observes that Defendants did not file a memorandum in reply to Plaintiff's opposition to its motion. However, that was not an intentional omission on my part. For reasons for which I assume full responsibility, I was not aware that Plaintiff had filed opposition until after the due date for a reply brief already had passed. I advised Plaintiff's counsel of that fact by email on May 19, noting that I did not plan to seek leave to file a late reply. Review of counsel's May 28 letter, however, prompts this response.

We believe the case on which Plaintiff principally relies, *Dervisevic v. Wolfgang's Steakhouse, Inc.,* 2019 U.S. Dist. LEXIS 203616 (S.D.N.Y. November 22, 2019) would, under appropriate circumstances, justify a dismissal without prejudice of the Fifth Cause of Action for lack of supplemental jurisdiction. However, there are two facts present here that distinguish the plaintiff's request here from *Dervisevic.* Initially, in *Dervisevic* the question whether the court could exercise supplemental jurisdiction over the plaintiff's state law discrimination claim was raised *sua sponte* by the court in an order to show cause. It was not an attempt by the plaintiff to urge the court to dismiss her own cause of action due to lack of

jurisdiction *while a motion to dismiss that cause of action filed by the defendant was pending*, as is the case here. In the other cases cited in Plaintiff's opposition, dismissal for lack of supplemental jurisdiction was sought by the adverse party in motions that did not attack their own cause of action.[1]

Secondly, in none of the authorities Plaintiff cited in her opposition was there a pending motion to dismiss the cause of action at issue for failure to state a claim, which the court was asked to ignore by dismissing the claim without prejudice instead. Defendants' motion sought dismissal of both the Fourth and Fifth Causes of Action contemporaneously. Plaintiff maintains that while her Fourth Cause of Action under the Family and Medical Leave Act ("FMLA") was included in her Complaint, the Court could exercise supplemental jurisdiction over her NYCHRL claim for caregiver discrimination. However, she asserts, once Plaintiff conceded that the FMLA did not apply to Colonnade and Columbus, the Court lost its jurisdiction to adjudicate Defendants' motion to dismiss her caregiver discrimination claim even though it was part of the same motion. Plaintiff's contention, which hinges the Court's jurisdiction to decide both parts of a motion to dismiss two claims on which part it decides first, is arbitrary and makes little practical sense. Here, it seeks the Court's sanction of what certainly looks like a "sandbag": an offer stipulate to dismissal of a failed claim in order to use that dismissal to dodge a ruling on a motion filed prior to the stipulation to dismiss a different claim, rendering that motion a complete waste of Defendants' time and resources.

In sum, Defendants' failure to file a reply to Plaintiff's opposition papers was not acquiescence as it was not intentional. Plaintiff's May 28 letter urging the Court to dismiss her NYCHRL claim without prejudice, and without ruling on Defendants' pending motion to dismiss, so Plaintiff can require the Defendants simultaneously to defend a second action in state court, should be rejected. And, for reasons already stated in its motion for partial judgment on the pleadings, the Fifth Cause of Action should be dismissed for failure to state a claim.

Yours very truly,

Scott Wenner
Attorney for Defendants

SJW

[1] In *Guerra v. Trece Corp*., 2020 U.S. Dist. LEXIS 223309 (S.D.N.Y. November 30. 2020) on which Plaintiff also relies, dismissal for lack of supplemental jurisdiction was sought on motion by the defendant—again, not by the plaintiff. The same was true in *Hahn v. Rocky Mt. Express Corp.*, 2012 U.S. Dist. LEXIS 100466 (S.D.N.Y. June 16, 2012), while in *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008), dismissal of a counterclaim of the defendant was sought in the plaintiff's motion to dismiss.