

| | 140 BROADWAY SUITE 3100 |
|---|---|
| **Schnader** | NEW YORK, NY 10005-1101 |
| ATTORNEYS AT LAW | 212.973.8000 FAX 212.972.8798 schnader.com |

June 9, 2021

Scott Wenner
Direct Dial 212-973-8115
Direct Fax 212-972-8798
E-Mail: swenner@schnader.com

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, NY 10007

                **RE:**     **Shkreta v. Colonnade Management Corporation, et al.**
                       **Civil Action No. 20-cv-6134 – Pre-motion Conference Request**

Dear Judge Abrams:

      Pursuant to Individual Rule 3 and Local Civil Rule 37.2, we write on behalf of Defendants Colonnade Management Corporation, Columbus Properties Inc. and John DiMurro ("Defendants") to request an informal pre-motion conference preliminary to Defendants' filing a motion to compel discovery pursuant to Rule 37, Fed. R. Civ. P. More specifically, should it be necessary Defendants will seek an order compelling Plaintiff Shkreta to attend her deposition in-person on June 23, or on such later date as the parties may agree.

      **Background.** In this action, Plaintiff alleges that the Defendants misclassified her as exempt from overtime, and terminated her employment due to her impending caregiver status. The issues are sharply contested from start to finish and the Defendants anticipate Plaintiff's credibility to be the central issue at trial—even more so than is usual in an employment case.

      In late May Plaintiff's counsel, Mr. Buzzard, and I agreed informally to conduct the Defendants' deposition of the Plaintiff on June 23. However, while the Defendants wished to depose the Plaintiff in-person at the offices of the undersigned, Mr. Buzzard advised me that Ms. Shkreta would agree to submit to a remote deposition only. He explained that Ms. Shkreta had not been vaccinated, and that she had an infant at home. I advised Mr. Buzzard that while I would consult with my clients, I felt it was important to depose Plaintiff in-person, and that the COVID pandemic which had, of necessity, normalized the use of remote depositions before vaccinations were in wide distribution and had proven effective, no longer should be presumed necessary and appropriate.

      I contacted Mr. Buzzard on June 1 to schedule a meet and confer by telephone to discuss whether the Court's intervention could be avoided on Ms. Shkreta's refusal to submit to an in-person deposition. Mr. Buzzard and I spoke on June 2 to discuss whether and under what



Hon. Ronnie Abrams
June 9, 2021
Page 2

conditions Plaintiff would agree to be deposed in person. I advised Mr. Buzzard that our offices had conference rooms that were ventilated and sufficiently spacious to allow for social distancing during a deposition. I also told Mr. Buzzard that the Defendants did not wish to depose Ms. Shkreta remotely or behind a mask; that the vaccine now was widely available and easily obtained, and that Defendants would agree to postpone the deposition until Plaintiff had the two doses administered and the two-week waiting period for the vaccine to be fully effective had passed—subject to the Court's agreement to extend the discovery period if necessary. Mr. Buzzard agreed to speak with his client concerning her willingness to appear in-person for her deposition and, if necessary, her reasons for remaining unvaccinated, and we agreed to reconvene by telephone after that discussion.

Mr. Buzzard and I spoke again yesterday, June 8, to complete our meet and confer. He advised me that his client had personal reasons for declining to be vaccinated, and that she continued to object to attending an in-person deposition. I advised Mr. Buzzard that the Defendants continued to believe that Plaintiff should be required to attend her deposition in-person and unmasked to avoid unnecessarily depriving it of the right to depose her under normal conditions and with the Defendants in attendance. We agreed, therefore, that it would be necessary to seek the Court's intervention to resolve the dispute over Plaintiff's obligation to attend her deposition in-person and unmasked, and to take such measures as are necessary to enable her to do so safely.

**Defendants' Position.** During the height of the pandemic, the courts and litigants necessarily took extraordinary measures to ensure that to the extent possible the business of the courts continued in a manner that kept litigants, court personnel, jurors and judges safe from infection. One such measure was the liberal use of remote depositions permitted under Rule 30(b)(4), Fed.R.Civ.P., which permits parties to stipulate to or a court to order a remote deposition. "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition ..., the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship ... and conduct a careful weighing of the relevant facts." *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, [2011 U.S. Dist. LEXIS 137334 at *11] (E.D.N.Y. Nov. 30, 2011). *Rouviere v. Depuy Orthopaedics, Inc.*, 471 F.Supp.3d 571 (S.D. N.Y. 2020).

On May 16, 2021, the Centers for Disease Control ("CDC") published a guidance for fully vaccinated people that directed that fully vaccinated people can resume activities in which they engaged prior to the pandemic without wearing a mask or physically distancing, except where required by applicable law. See, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html. This was followed on May 28 by CDC's Interim Public Health Recommendations for Fully Vaccinated People that also concluded that "[i]ndoor and outdoor activities pose minimal risk to fully vaccinated people" and "[f]ully vaccinated people have a reduced risk of transmitting SARS-CoV-2 to unvaccinated people." See,

**Schnader**
ATTORNEYS AT LAW

Hon. Ronnie Abrams
June 9, 2021
Page 3

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html. These represented a marked change from earlier CDC Guidances relied upon by courts to support orders that depositions be conducted remotely. *See, e.g., Joffe v. King & Spalding LLP*, 2020 U.S. Dist. LEXIS 111188 at *16-18 and nn. 10-12 (S.D.N.Y. June 24, 2020). Stated simply, over the past month the extreme measures the CDC recommended, which were widely followed by public and private entities, including the courts, no longer are necessary to protect the public from COVID-19.

Also in recent weeks, the U.S. Equal Employment Opportunity Commission published updated *Technical Assistance Questions and Answers* entitled "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws" stating that employers may lawfully require employees who physically enter the workplace to receive the COVID-19 vaccine, subject to reasonable accommodation requirements of certain federal laws. See, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws. This, Defendants believe, supports the notion that a person may be required to be vaccinated to engage in certain activities, such as employment and, Defendants submit, bring a federal lawsuit in which contact with others will be required.

I had hoped to avoid asking for the Court's intervention, but efforts to resolve the issues addressed in this letter informally over the past week have been unavailing. Accordingly, Defendants request that the Court schedule an informal pre-motion conference preliminary to a motion to compel Plaintiff Shkreta to attend her deposition in-person and unmasked, and to extend the period for discovery in order for Plaintiff to receive the COVID vaccine.

Respectfully submitted,
*/s/ Scott Wenner*
Scott Wenner
Attorney for Defendants

SJW

This action has been referred to Judge Fox for general pretrial supervision, see Dkt. 18, and the discovery-related dispute outlined above falls within the scope of that reference.

Separately, the Court notes that it will consider the parties' letters at Dkts. 42 and 43, concerning Plaintiff's request that the Court decline to exercise supplemental jurisdiction over her NYCHRL claim, at the time that it addresses Defendants' partial motion for summary judgment.

SO ORDERED.

_____
Hon. Ronnie Abrams
06/10/2021

Schnader Harrison Segal & Lewis LLP

PHDATA 7790708_1