USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XHEJNI SHKRETA,

                        Plaintiff,

              v.

COLONNADE MANAGEMENT
CORPORATION, COLUMBUS PROPERTIES,
INC., and JOHN DIMURRO,

                        Defendants.

No. 20-CV-6134 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff brought this case on August 5, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), the Family and Medical Leave Act ("FMLA"), the New York Labor Law ("NYLL"), and the New York City Human Rights Law ("NYCHRL"). On April 16, 2021, Defendants filed a motion for partial summary judgment and for partial judgment on the pleadings. In their motion, Defendants sought summary judgment on Plaintiff's FMLA claim and sought judgment on the pleadings on Plaintiff's NYCHRL claim. Shortly after Defendants filed their motion, the parties entered a stipulation of voluntary dismissal as to Plaintiff's FMLA claim. In Plaintiff's subsequently filed opposition, she acknowledged that she had "consented to the dismissal of" the FMLA claim. Accordingly, the Court denies Defendants' motion for summary judgment on Plaintiff's FMLA claim as moot, given the intervening dismissal of that claim.

    Plaintiff further requested in her opposition that the Court dismiss her NYCHRL claim for lack of supplemental jurisdiction, given that her only remaining federal claim was her FLSA overtime claim. *See, e.g.*, *Guerra v. Trece Corp.*, No. 18-cv-0625 (ER), 2020 WL 7028955, at *6

(S.D.N.Y. Nov. 30, 2020) ("Numerous courts in this District have addressed the circumstances under which a court hearing FLSA and NYLL wage and hour claims will have supplemental jurisdiction over other state law claims.  The general rule is that, when the only possible 'common nucleus of operative fact' alleged between the claims is the existence of a common employment relationship, there is no supplemental jurisdiction.").  The Court agrees with Plaintiff that her NYCHRL claim has no connection to her FLSA claim beyond the existence of a common employment relationship.  *See* Compl. ¶¶ 19-25 (alleging that Plaintiff was terminated because of her pregnancy and anticipated maternity leave).  Accordingly, the Court dismisses Plaintiff's NYCHRL claim for lack of supplemental jurisdiction.

      The Clerk of Court is respectfully directed to terminate the motion at docket number 32. SO ORDERED.

Dated:    January 26, 2022
            New York, New York

                                              Ronnie Abrams
                                              United States District Judge